UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN E. SHAFFER,<br><br>Plaintiff,<br><br>v.<br><br>SOTELO, et al.,<br><br>Defendants. | Case No. 25-cv-01069-NW<br><br>**ORDER DENYING MOTION TO FILE SUPPLEMENTAL COMPLAINT, DISMISSING CERTAIN CLAIMS, SERVING FOURTH AMENDED COMPLAINT, AND DENYING REQUEST FOR COUNSEL**<br><br>Re: ECF Nos. 17, 20 |

Plaintiff Devin E. Shaffer, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The Court screened the complaint, dismissed certain claims, and partially granted Shaffer leave to amend.  ECF No. 16.  Shaffer filed a motion to supplement his complaint, his Fourth Amended Complaint, and later filed a motion requesting appointment of counsel.  *See* ECF Nos. 17, 19, 20.  These filings are now before the Court for consideration.  For the reasons set forth below, the Court **DENIES** Shaffer's motion to file a supplemental complaint as moot, **DISMISSES** certain claims and Defendants, **ORDERS SERVICE** of the Fourth Amended Complaint as specified below, and **DENIES** Shaffer's request for the appointment of counsel.

I.     BACKGROUND

A.     **Motion to File Supplemental Complaint**

Shaffer signed and dated his motion to file a supplemental complaint on October 7, 2025.  *See* ECF No. 17.  Five days later, he signed and dated his Fourth Amended Complaint.  *See* ECF No. 19.  The documents attached to the motion to file a supplemental complaint include more than 30 pages of incidents and Defendants unrelated to the allegations in the Fourth Amended Complaint.  The Court received both filings by mail on October 20, 2025.

In its earlier screening order, the Court explained that "an amended complaint *completely*

*replaces* the original complaint, [and] Shaffer must include all the details he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)." ECF No. 16 at 14–15 (emphasis added). Moreover, under the Civil Local Rules, a plaintiff's amended pleadings may not incorporate prior pleadings by reference. *See* Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."). Accordingly, as Shaffer signed and dated the Fourth Amended Complaint after he signed and dated the motion to file a supplemental complaint, the motion to file a supplemental complaint (ECF No. 17) is **DENIED** as moot. To the extent Shaffer wishes to pursue any of the additional claims he included in the "supplemental complaint," he may do so in separate actions. *See* Fed. R. Civ. P. 20(a)(2).

Accordingly, the Fourth Amended Complaint, ECF No. 19, is the operative complaint in this matter.

### B. Fourth Amended Complaint

In his Fourth Amended Complaint, *see* ECF No. 19, Shaffer states that he had several incidents with multiple deputies.

#### 1. Incidents Involving Sotelo

Shaffer alleges that Sotelo startled him and almost caused him to fall off a four-foot ledge as Shaffer was trying to fix a television. Sotelo also refused to give Shaffer forms, soap, and cleaning supplies upon Shaffer's request. A few days later, on October 1, 2024, between 6:30 p.m. and 7:30 p.m., Sotelo stood outside Shaffer's cell and asked whether he needed clothing exchanged, but Shaffer declined the offer. Sotelo told Shaffer that if he did not exchange his clothing immediately, he would not get any new clothing. Shaffer again declined, but Sotelo ignored Shaffer, opened the tray slot to slide clothing inside, and ripped the newspaper Shaffer had placed on the tray slot to help prevent insects and the smell of sewage from getting into his cell. Shaffer became upset and stuck his arm through the slot to try to grab the newspaper. Sotelo slammed the tray slot closed, trapping Shaffer's forearm. Sotelo allegedly applied strong force against the tray slot cover, cutting and bruising Shaffer's arm. Shaffer attempted to pull his arm back, but the pressure on the slot cover caused his fingers to get caught several times. Sotelo

allegedly "crushed" Shaffer's finger for nine to twelve seconds, causing a blood blister on Shaffer's fingertip, swelling, and the near-removal of Shaffer's fingernail. ECF No. 19 at 7. As a result of the incident with Sotelo, Shaffer lost partial feeling in his finger, his fingernail became infected, and the nail fell off. Shaffer's middle finger remains swollen and red in comparison to his other fingers. Shaffer provides photos of his injuries as exhibits.

### 2.    Incident Involving Ignacz

Shaffer alleges that on January 9, 2025, Deputy Ignacz opened Shaffer's door and entered his cell without knocking to collect Shaffer's tablet. Shaffer asked Ignacz for a minute of privacy to put his pants on; Ignacz allegedly responded by saying, "[W]hat the fuck?" ECF No. 19 at 10.

As Ignacz left the cell, Shaffer extended his arm as the door was about to close and asked if he could take his trash out. Ignacz told Shaffer not to push the door. Shaffer continued trying to keep the door open while Ignacz attempted to close it, leading Shaffer to say, "[W]hat the fuck[,] you bitch." ECF No. 19 at 12. Deputy Ignacz then walked into Shaffer's cell and twisted his arm behind his back in an arm bar maneuver. Shaffer began apologizing. More deputies walked into Shaffer's cell while Ignacz yanked Shaffer's arm and twice "bashed" his head against the wall before twisting Shaffer's arm further behind his back. *Id.* Shaffer also states that Ignacz pushed the handcuffs into his arms so hard that they bruised Shaffer's forearms.

### 3.    Incidents Involving Other Deputies

Shaffer describes several other incidents during which Ignacz and other deputies allegedly called him names were rude to him. He also alleges that deputies threw away some of his commissary items after he was placed in administrative segregation.

## II.    LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro

3

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

United States District Court
Northern District of California

## III.   DISCUSSION

### A.   Screening

#### 1.   Excessive Force Claims

The Due Process Clause of the Fourteenth Amendment protects pretrial detainee from the use of excessive force amounting to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell See Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979)). To prove an excessive force claim under section 1983, a pretrial detainee must show only that the officer knowingly or purposefully used force against the prisoner in a manner that was "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

Liberally construed, Shaffer's allegations that on October 1, 2024, Deputy Sotelo crushed Shaffer's arm and fingers with the tray slot on the cell door states a cognizable claim of excessive force. Moreover, Shaffer's allegations that, on January 9, 2025, Deputy Ignacz used force against him and continued applying painful force while Shaffer did not resist states a cognizable claim of excessive force. *See Kingsley*, 576 U.S. at 397.

#### 2.   Remaining Claims

Shaffer additionally alleges that other deputies insulted or were rude to him, and that some of his commissary items were thrown away after he was placed in administrative segregation. Verbal harassment generally does not state a constitutional claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Moreover, the loss of commissary items does not appear to meet the legal definition of punishment necessary to support a constitutional violation under the Due Process Clause of the Fourteenth Amendment. *See Bell*, 441 U.S. at 539 n.21 (defining "punishment" in terms of intent but noting that there is "a de minimis level of imposition with which the Constitution is not concerned") (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)); *Wright v. Gutierrez*, No. CV 11-4343-PSG, 2012 WL 1570619, at *9 (C.D. Cal. Apr. 3, 2012) (dismissing a pretrial detainee's procedural due process claims because the plaintiff did not have a protected liberty interest "in the temporary, de minimis loss of canteen and other privileges."). These claims are therefore **DISMISSED**. Because amendment of these claims would be futile, they are dismissed without leave to amend. *See Wheeler v. City of Santa Clara*,

894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

### B.    Appointment of Counsel

Shaffer filed a motion requesting the appointment of counsel.  *See* ECF No. 20.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in 42 U.S.C. § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1).  The decision whether to appoint one rests within "the sound discretion of the trial court" and is generally granted in exceptional circumstances.  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To determine whether appointment of counsel is warranted, the Court considers whether the claims are likely to be meritorious and whether the plaintiff can articulate his claims "in light of the complexity of the legal issues involved."  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted).

At this stage, this case does not present exceptional circumstances.  The claims in Shaffer's Fourth Amended Complaint are not especially complex.  Moreover, Shaffer has shown he is capable of adequately presenting his claims, facts, and arguments, as evidenced by his numerous filings in this matter.  Accordingly, the Court **DENIES** the motion for the appointment of counsel.

## IV.    CONCLUSION

The Court orders as follows:

1. Shaffer's motion to file a supplemental complaint (ECF No. 17) is **DENIED** as moot.

2. Shaffer states cognizable claims of excessive force, in violation of the Fourteenth Amendment, against Deputies Sotelo and Ignacz.

3. All other claims and Defendants are **DISMISSED**.

4. Shaffer's motion for appointment of counsel (ECF No. 20) is **DENIED**.

5. Defendants Sotelo and Ignacz shall be **SERVED**. The Clerk will issue a summons, and the United States Marshal will serve, without prepayment of fees, copies of the Fourth Amended Complaint (ECF No. 19) with attachments and copies of this order on the County Clerk of the Board, County Government Center, 70 W Hedding St., East Wing, 10th floor, San Jose, California, 95110. The Clerk shall also send these documents by email to county.counsel@cco.sccgov.org.

6. In order to expedite the resolution of this case, the Court orders the following briefing schedule:

    a. No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Shaffer.

    b. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

    c. Shaffer's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him. Plaintiff must read the attached page headed

"NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If Defendants file a dispositive motion claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

    d. If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

    e. The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

7. All communications by Shaffer with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9. It is Shaffer's responsibility to prosecute this case. Shaffer must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 17, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

8

United States District Court
Northern District of California

## NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING (EXHAUSTION)

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.