United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN E. SHAFFER,<br>Plaintiff,<br>v.<br>SOTELO, et al.,<br>Defendants. | Case No. 25-cv-01069-NW<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO SEAL**<br><br>Re: ECF Nos. 37, 39 |

Plaintiff Devin E. Shaffer, a state detainee proceeding *pro se*, filed the instant civil rights lawsuit alleging excessive force against Defendants, both Santa Clara County deputy sheriffs. *See* ECF No. 19. Defendants filed two motions to seal certain exhibits (ECF Nos. 37, 39) in connection with their motions for summary judgment (ECF Nos. 28, 31). The Court will address the substance of the motion for summary judgment in a separate order upon the submission of all briefing. The Court addresses each motion to seal below.

## I. BACKGROUND

### A. Complaint

Shaffer's Complaint alleges that in October 2024, Shaffer put his arm through the tray slot on the door of his cell and Sotelo intentionally slammed it closed, applied strong force on the cover, and "crushed" Shaffer's finger, causing serious injuries. ECF No. 19 at 7. Months later, on January 9, 2025, Ignacz allegedly closed Shaffer's cell door while Shaffer was trying to throw out his trash, leading Shaffer to make a disparaging remark toward Ignacz. *Id.* at 12. Ignacz allegedly walked into Shaffer's cell and twisted his arm, "bashed" Shaffer's head against the wall, and pushed handcuffs into Shaffer's arms until his forearms bruised. *Id.*

**B. Ignacz's Sealing Requests**

Ignacz's motion to seal (ECF No. 37) requests sealing of the entirety of Exhibits F and G as follows:

- Exhibit F (ECF No. 37-3) is described as "Plaintiff's medical reports from Santa Clara Valley Healthcare." ECF No. 37 at 2. Ignacz argues the exhibit should be sealed due to its inclusion of "[p]rivate medical information; personal identifying information[.]" *Id.* The exhibit contains Shaffer's private medical records detailing medical care he received at the jail after a January 2025 incident. *See* ECF No. 37-3. The records include details about Shaffer's mental and medical diagnoses, medications, prescribed care, and psychological and medical evaluations performed in connection with the incident. Some of the evaluations also include non-sensitive and highly relevant narrative descriptions of the incident at issue.
- Exhibit G (ECF No. 37-4) is described as "Plaintiff's medical reports from Santa Clara Valley Healthcare[.]" ECF No. 37 at 3. Ignacz argues the exhibit should be sealed due to its inclusion of "[p]rivate medical information; personal identifying information[.]" *Id.* The exhibit contains Shaffer's private medical records detailing medical care he received at a hospital after a January 2025 incident. *See* ECF No. 37-3. The records include details about Shaffer's mental and medical diagnoses, medications, prescribed care, and psychological and medical evaluations performed in connection with the incident. Some of the evaluations also include non-sensitive and highly relevant narrative descriptions of the incident at issue.

**C. Sotelo's Sealing Requests**

Sotelo's motion to seal (ECF No. 39) makes similar arguments for the sealing of three exhibits in their entirety:

- Exhibit A (ECF No. 39-3) is described as "Medical / Psychiatric Referral Form[.]" ECF No. 39 at 3. Sotelo argues the exhibit should be sealed due to its inclusion of "[p]rivate medical information; personal identifying information[.]" *Id.* The exhibit contains a form referring Shaffer to medical or psychiatric treatment,

which was issued on August 22, 2024. ECF No. 39-3 at 2. The referral contains highly relevant narrative descriptions of the incident at issue.

- Exhibit B (ECF No. 39-4) is described as an "Administrative Management Placement Advisory Form[.]" ECF No. 39 at 3. Sotelo argues the exhibit should be sealed due to its inclusion of "Personal identifying information; sensitive jail operation information[.]" *Id.* The exhibit contains an administrative housing report and the report's associated notice and review forms from August 2024. *See* ECF No. 39-4. The documents contain highly relevant narrative descriptions of the incident at issue and minimal personal identifying information.
- Exhibit F (ECF No. 39-5) is described as "[P]laintiff's medical reports from Santa Clara Valley Healthcare[.]" ECF No. 39 at 3. Sotelo argues the exhibit should be sealed due to its inclusion of "[p]rivate medical information; personal identifying information[.]" *Id.* The exhibit contains Shaffer's private medical records detailing medical care he received at the jail after the October 2024 incident, as well as records for several other dates between October 2024 and February 2026. *See* ECF No. 39-5. The records include details about Shaffer's history of mental and medical diagnoses, results for several medical tests, prescribed medications and care, and psychological and medical evaluations performed in connection with several incidents. Some of the evaluations also include narrative descriptions of the October 2024 incident at issue, as well as narrative descriptions of other incidents not at issue in this lawsuit.

## II. LEGAL STANDARD

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court

United States District Court
Northern District of California

files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The "compelling reasons" standard applies to requests to seal motions that are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Additionally, within the Northern District of California, parties must comply with Civil Local Rule 79-5. Sealing requests must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3). Requests must identify "the reasons for keeping a document under seal," and explain the "interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

## III. DISCUSSION

Although each Defendant filed a separate motion to seal, both motions suffer from similar Local Rule 79-5(c) defects and are not narrowly tailored to protect confidential information. *See* L.R. 79-5(c)(3); ECF Nos. 37, 39. Namely, while Ignacz and Sotelo seek to seal more than 50 and 130 pages of documents, respectively, they each provide only generic and perfunctory rationales for sealing the entirety of the exhibits without explaining the injury that will result if sealing is denied nor, most importantly, an explanation as to why less restrictive alternatives—such as redactions of sensitive or irrelevant personal or medical information—would not suffice. *See* L.R. 79-5(c)(1); *see also Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1360 (Fed. Cir. 2020) (noting that district court properly determined that party's sealing requests were "far from narrowly tailored" where party "sought sealing of entire documents based on no more than perfunctory assertions" that documents contained sensitive or confidential information) (citation modified).

Courts routinely conclude that "the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Steven City Broomfield v. Aranas*, No. 17-CV-00683-MMD-WGC, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (collecting cases). However, courts have also recognized that "a prisoner waives his right to medical privacy by filing a lawsuit that puts his medical condition at issue." *Mays v. Birkholz*, No. CV 22-5524 SVW, 2022 WL

17886031, *12 (C.D. Cal. Dec. 14, 2022); *Wilkins v. Barber*, No. 19-cv-1338 WBS, 2022 WL 252586, at *1 (E.D. Cal. Jan. 27, 2022) (requiring showing of more than general privacy concerns to order sealing of prisoner-plaintiff's medical records). Accordingly, while Defendants may be able to show that certain portions of the exhibits should be sealed, they have not provided "compelling reasons" to seal the entirety of the exhibits such that they outweigh "public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (citation modified).

For example, although some pages of the medical exhibits at issue in this matter appear to contain tangentially relevant but highly sensitive medical, personal, or psychiatric information, *see e.g.*, ECF No. 37-4 at 2-20, other pages do not, *see id.* at 21. To the extent that Defendants are requesting to seal information within the exhibits that is highly relevant, non-sensitive, or contains non-medical narrative descriptions of the events at issue in this lawsuit, Defendants must specifically explain why the Court should seal this information or attempt to narrowly tailor their requests by proposing more limited redactions. *See, e.g., Witkin v. Lotersztain*, 2021 WL 6140994, *1-2 (E.D. Cal. Dec. 29, 2021) (partially granting motion to seal prisoner's medical records as to information unrelated to the medical injury at issue in the case, but denying portions directly related to claim at issue where any risk of injury was speculative). Insofar as Sotelo requests to seal referral forms and rehousing memorandums (ECF No. 39-5), the Court notes that the exhibits contain several highly relevant narrative descriptions of the alleged incident that do not reference confidential classification methods, protocols, or sensitive jail information. Sotelo must therefore specifically explain why these portions of the documents should be sealed or narrowly tailor his requests by proposing more limited redactions.

Defendants' motions to seal are **DENIED** except to the extent that they have redacted information that falls under Federal Rule of Civil Procedure 5.2(a).

## IV. CONCLUSION

The Court orders as follows:

1. The motions to seal (ECF Nos. 37, 39) are **DENIED**.

United States District Court
Northern District of California

2. Defendants are ordered to refile these exhibits in accordance with the Court's order or file new motions to seal proposing narrowly tailored redactions within 30 days.

**IT IS SO ORDERED.**

Dated: August 10, 2026

Noël Wise
United States District Judge